<div style="border:1px solid">
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1
</div>

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted September 26, 2013[*]
Decided September 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1614

| | |
|---|---|
| MARIA HERRERA, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 11 C 5762 |
| ILLINOIS BELL TELEPHONE COMPANY, *Defendant-Appellee.* | Virginia M. Kendall, *Judge.* |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

No. 13-1614 Page 2

Maria Herrera, a former customer-service representative at the Illinois Bell Telephone Company, appeals the grant of summary judgment against her in this suit asserting that she was fired because of a disability (depression and anxiety) in violation of the Americans with Disabilities Act, *see* 42 U.S.C. § 12112(a), and in retaliation for taking leave under the Family and Medical Leave Act, *see* 29 U.S.C. § 2615(a)(2). We affirm.

Herrera suffered from depression and anxiety throughout the nine years (2000-2009) that she worked for Illinois Bell as a customer-service representative at one of its call centers, but these conditions worsened in 2008, forcing her frequently to take FMLA leave, *see* 29 U.S.C. § 2612(a)(1)(D), and harming her job performance. Illinois Bell fired her, a decision she regards as discriminatory because the company implemented it in the midst of one particular FMLA leave despite knowing of her mental condition. Herrera cites the comments of supervisors who embarrassed her in front of coworkers when they remarked about her "turning red" and sporting a "long face," or sarcastically asked if she needed to cry in the bathroom.

Illinois Bell, in contrast, asserted that it decided to fire Herrera solely because of her sustained, unsatisfactory performance. Every month Illinois Bell evaluated its employees' performance and assigned Performance Achievement Review (PAR) scores. If employees received deficient PAR scores, Bell Telephone used a three-step progressive disciplinary policy: (1) a written warning, (2) a final written warning with a one-day suspension, and (3) suspension pending termination. An unsatisfactory PAR score for a given month, however, could be excused by a call center's manager through the issuance of an SR-30, which prevents progression to the next disciplinary step. Ultimately Herrera received deficient PAR scores for nine of the twelve months between November 2008 and October 2009. (She was not suspended after her third month of deficient performance because she was granted two SR-30s and the second disciplinary step, final written warning, was repeated four times). Illinois Bell fired Herrera after calculating her ninth deficient PAR score.

The district court granted summary judgment for Illinois Bell, concluding that Herrera could not establish a prima facie case of disability discrimination or FMLA retaliation under the either the direct or indirect method of proof. Under the direct method, the court found nothing suspicious about the timing of Illinois Bell's decision to fire her after months of unsatisfactory performance, and reasoned that the "crass and insensitive" remarks described by Herrera did not show discriminatory intent because they were not made by individuals with the authority to fire her. With regard to the indirect method, the court concluded that not only did Herrera's deficient PAR scores

No. 13-1614 Page 3

show that she was not meeting Illinois Bell's legitimate expectations, but she also failed to identify any similarly situated employees who had been treated more favorably. (Although Herrera named five individuals whom she considered similarly situated, she did not provide sufficient evidence to permit a "meaningful comparison" because she did not provide their PAR scores, or specify whether they had received SR-30s or been allowed to repeat steps in the disciplinary process.)

On appeal Herrera challenges only the district court's conclusion that she did not present sufficient evidence of similarly situated employees to survive summary judgment under the indirect method.  She names three customer-service representatives (two of the five mentioned earlier plus a new individual) whom, she asserts, were not fired by Illinois Bell despite earning PAR scores comparable to hers, and she attaches records reflecting that, for at least a few months, two of the employees also earned deficient PAR scores.

At the outset we note that Herrera may not rely on these records because she did not present them first to the district court. *See Domka v. Portage Cnty., Wis.*, 523 F.3d 776, 783 (7th Cir. 2008); *United States v. Banks*, 405 F.3d 559, 567 (7th Cir. 2005). But in any event, Herrera cannot demonstrate that the employees she identifies as similarly situated are outside her protected class for either of her two claims; she presented no evidence about whether they are disabled, and admits in her brief that two of the employees either requested or took FMLA leave. Nor does the evidence reflect how many deficient PAR scores these employees earned, or whether they earned those scores over a similar period of time; Herrera therefore has not shown that their performance was the "functional equivalent" of her own, *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 690–91 (7th Cir. 2008), or that they "at least share[d] a comparable set of failings," *Harris v. Warrick Cnty. Sheriff's Dep't*, 666 F.3d 444, 449 (7th Cir. 2012) (internal citation and quotation marks omitted).

Herrera also contends for the first time on appeal that Illinois Bell (1) retaliated against her for taking FMLA leave by denying her several promotions in the years before the events of 2008 and 2009, and (2) failed to accommodate her disability. But she waived those arguments by not presenting them to the district court. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); *Domka*, 523 F.3d 776, 783 (7th Cir. 2008).

AFFIRMED.